

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roland Boyd
County Attorney
Collin County
McKinney, Texas

Dear Sir:

Opinion No. O-3571
Re: Sheriffs - expenses of office - radio service

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The city of McKinney has a short wave police radio (KTWP). It is manned by three full time, and one relief, operator, all duly licensed. The radio is operated 24 hours a day and 7 days a week. The station is licensed for the emergency messages.

"Collin County is approximately 30 miles square. The Sheriff's Office has two county owned automobiles radio equipped. There are four deputies who work under the sheriff. Approximately 80 per cent of the messages handled by KTWP are in regard to matters outside of the city of McKinney. When the sheriff's office have a stolen car reported they telephone KTWP and have it broadcast, when a robbery occurs outside of the city limits in the county KTWP broadcasts essential police information concerning it, when the Sheriff holds a felony warrant for a party he is unable to locate KTWP broadcasts a pickup for him all over Texas and adjoining states. When the deputies are not otherwise employed, the Sheriff sends them to patrol Highway 75, 289, 24, or 78; when he needs them KTWP radio their instructions to them.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Roland Boyd, page 2

"The Sheriff has KTWP broadcast messages in
an attempt to locate run-away children, missing
persons, and stolen property.

"Question:  Can the Sheriff with the approval
of the Commissioners Court pay the City of McKinney,
or Radio Station KTWP a reasonable amount monthly
for this radio service?

"Art. 3899 (b) provides that each officer who
receives a salary shall be empowered to purchase
and have charged to the county 'All reasonable
expenses necessary in the proper and legal con-
duct of his office,'.

"It occurs that the service the Sheriff re-
ceives from KTWP is of the same nature as that he
receives from the telephone company.  In fact by
reason of KTWP the Sheriff's telephone bill is
materially reduced, and in addition he receives
a service that only a radio can give.  It seems
to me that this is as reasonable and necessary ex-
pense as any expense the sheriff has.

"I have read all of your opinions on officer's
expenses and find none which answer the question."

Section (b) of Article 3899, Vernon's Annotated Civil
Statutes, reads in part as follows:

"(b)  Each officer named in this Act, where
he receives a salary as compensation for his
services, shall be empowered and permitted to
purchase and have charged to his county all rea-
sonable expenses necessary in the proper and legal
conduct of his office, premiums on officials'
bonds, premium on fire, burglary, theft, robbery
insurance protecting public funds and including
the cost of surety bonds for his Deputies, such
expenses to be passed on, pre-determined and al-
lowed in kind and amounts, as nearly as possible,
by the Commissioners' Court once each month for
the ensuing month, upon the application by each
officer, stating the kind, probable amount of ex-
penditure and the necessity for the expenses of

his office for such ensuing month, which application
shall, before presentation to said court, first be
endorsed by the County Auditor, if any, otherwise
the County Treasurer, only as to whether funds are
available for payment of such expenses. The Com-
missioners' Court of the county of the Sheriff's
residence may, upon the written and sworn applica-
tion of the Sheriff stating the necessity therefor
purchase equipment for a bureau of criminal identi-
fication, such as cameras, finger print cards, inks,
chemicals, microscopes, radio and laboratory equip-
ment in keeping with the system in use by the De-
partment of Public Safety of this State, or the
United States Department of Justice and/or Bureau
of Criminal Identification."

It is our opinion that the above quoted statute is broad
enough to cover the contemplated expense, and that the same may
be allowed provided the procedure prescribed therein is followed
and approved by the commissioners' court. Therefore, your ques-
tion is answered in the affirmative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning

Wm. J. Fanning
Assistant

WJF:N

APPROVED JUN 23, 1941

ATTORNEY GENERAL OF TEXAS

